PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MILLER, ) | |
| ) | CASE NO. 4:17CV1103 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| RURAL METRO, ) | |
| ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** [Resolving ECF No. 2] |

Pending before the Court is *pro se* Plaintiff's Motion to Proceed *in forma pauperis*. ECF No. 2. Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) is granted but, for the following reasons, Plaintiff's Complaint is dismissed.

**I. Background**

Plaintiff brings this civil rights action pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320d-5, d-6, 42 U.S.C. § 1983, and Title VII, 42 U.S.C. § 2000e against Defendant Rural Metro. ECF No. 1. In his Complaint, Plaintiff alleges he overdosed on opiates, and became ill while getting off an elevator in an apartment building. *Id.* at PageID#: 1. Plaintiff alleges that an emergency medical service provider responded. *Id.* Plaintiff contends that while he was regaining consciousness he heard a paramedic, who is allegedly employed by Defendant, disclose the nature of his illness to a neighbor, who inquired about Plaintiff's condition. *Id.* at PageID#: 1–2. Plaintiff asserts that he felt ashamed when he

(4:17CV1103)

heard the paramedic make this statement to his neighbor. *Id.* Furthermore, Plaintiff indicates that when he arrived at the emergency room, the same paramedic was disrespectful to him. *Id.* Plaintiff became angry, confronted the paramedic and, as a result, the confrontation made him feel more ashamed. *Id.* at PageID#: 2. At that point, Plaintiff left the emergency room. *Id.* Plaintiff seeks monetary relief in the amount of $100,000.00 against Defendant, who allegedly employs the paramedic who committed violations of HIPAA, 42 U.S.C. § 1983, and Title VII. *Id.*

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. Furthermore, an action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough fact to state

(4:17CV1103)

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. Analysis

The Court has reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and finds that it fails to meet minimum pleading requirements or contain allegations reasonably suggesting Plaintiff has a plausible federal civil rights claim in this case. In his Complaint, Plaintiff contends that Defendant violated his rights under HIPAA. ECF No. 1. The HIPAA statute, however, does not provide a private right of action. HIPAA "focuses on regulating persons that have access to individually identifiable medical information and who conduct

3

(4:17CV1103)

certain electronic health care transactions." *Acara v. Banks*, 470 F.3d 569 (5th Cir. 2006) (citing 42 U.S.C. § 1320d-1). Although HIPAA includes civil and criminal penalties for improper disclosure of medical information, 42 U.S.C. §§ 1320d-5, d-6, it "limits enforcement of the statute to the Secretary of Health and Human Services." *Id.*

Furthermore, Plaintiff's Complaint fails to state a claim for relief under 42 U.S.C. § 1983. To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniel v. Williams*, 474 U.S. 327 (1986). Plaintiff's claim does not meet either of these criteria. Generally, to be considered to have acted under color of state law, Defendant must be a state or local government entity or official. *See id.* Plaintiff does not allege facts suggesting Defendant is a government entity. Furthermore, Plaintiff fails to identify a constitutional right that was violated by Defendant. Therefore, Plaintiff has not met the basic pleading requirements for a cause of action under 42 U.S.C. § 1983.

Lastly, Plaintiff's Complaint does not state a viable claim under Title VII. Title VII addresses discrimination in employment based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a). Plaintiff's action does not concern employment nor discrimination based on any of the above-mentioned prohibited criteria. Accordingly, Title VII is not applicable to this case.

(4:17CV1103)

## IV. Conclusion

Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) is granted but, for the reasons stated above, his action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 December 15, 2017   */s/ Benita Y. Pearson*
Date  Benita Y. Pearson
  United States District Judge